UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ENID MARIE FLORES,<br><br>Plaintiff,<br><br>v.<br><br>CALIFORNIA CORRECTIONAL WOMEN'S FACILITY, *et al.*,<br><br>Defendants. | Case No. 1:19-cv-01681-AWI-JDP<br><br>ORDER FOR PLAINTIFF TO SHOW CAUSE WHY THIS CASE SHOULD NOT BE DISMISSED AS DUPLICATIVE OF CASE 1:19-cv-01509-NONE-JLT<br><br>THIRTY-DAY DEADLINE |

Plaintiff Enid Marie Flores is a state prisoner proceeding without counsel in this action. Plaintiff filed the complaint commencing this action on November 12, 2019. ECF No. 1. As it appears that plaintiff filed a complaint against the same defendants based on the same allegations in *Flores v. Cal. Corr. Women's Facility*, No. 1:19-cv-01509 at ECF No. 1, the court will order plaintiff to show cause why this case should not be dismissed as duplicative.

Duplicative lawsuits filed by a plaintiff proceeding in forma pauperis are subject to dismissal as either frivolous or malicious under 28 U.S.C. § 1915(e). *See, e.g.*, *Cato v. United States*, 70 F.3d 1103, 1105 n.2 (9th Cir. 1995); *McWilliams v. State of Colo.*, 121 F.3d 573, 574 (10th Cir. 1997); *Pittman v. Moore*, 980 F.2d 994, 994–95 (5th Cir. 1993); *Bailey v. Johnson*, 846 F.2d 1019, 1021 (5th Cir. 1988). "Plaintiffs generally have 'no right to maintain two separate actions involving the same subject matter at the same time in the same court and against the same

1

defendant.'" *Adams v. California Dep't of Health Servs.*, 487 F.3d 684, 688 (9th Cir. 2007) (quoting *Walton v. Eaton Corp.*, 563 F.2d 66, 70 (3d Cir. 1977)), *overruled on other grounds by Taylor v. Sturgell*, 553 U.S. 880, 904 (2008).

"To determine whether a suit is duplicative, we borrow from the test for claim preclusion." *Adams*, 497 F.3d at 688. "'[T]he true test of the sufficiency of a plea of 'other suit pending' in another forum [i]s the legal efficacy of the first suit, when finally disposed of, as 'the thing adjudged,' regarding the matters at issue in the second suit.'" *Id.* (quoting *The Haytian Republic*, 154 U.S. 118, 124 (1894)). "Thus, in assessing whether the second action is duplicative of the first, we examine whether the causes of action and relief sought, as well as the parties . . . to the action, are the same." *Adams*, 497 F.3d at 689. *See also Serlin v. Arthur Anderson & Co.*, 3 F.3d 221, 223 (7th Cir. 1993) (internal quotation marks and citation omitted) ("[A] suit is duplicative if the claims, parties, and available relief do not significantly differ between the two actions.").

On October 23, 2019, plaintiff filed a complaint in the Eastern District of California and that is proceeding in *Flores v. Cal. Corr. Women's Facility*, No. 1:19-cv-01509. Three weeks later, plaintiff filed the complaint commencing this action. Several pages of the complaints in both cases are identical. The allegations are identical. The defendants are identical. The only difference in the complaints is that plaintiff includes more exhibits attached to her complaint in *Flores*, No. 1:19-cv-01509, at ECF No. 1.

Thus, it appears that this case is duplicative of *Flores v. Cal. Corr. Women's Facility*, No. 1:19-cv-01509. Accordingly, it is hereby ordered that within thirty days from the date of service of this order, plaintiff shall show cause why this case should not be dismissed as duplicative. If plaintiff does not wish to pursue this case, she may file a notice of dismissal. If plaintiff fails to file a response, we will recommend that this case be dismissed.

IT IS SO ORDERED.

Dated:   April 6, 2020

                                                              UNITED STATES MAGISTRATE JUDGE

No. 204.